**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                      *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERETA RAJKUMAR,** | : | **Civil Action No.** |
| **610 Boggs Run** | : | |
| **Dover, DE 19004** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **THE CIGNA GROUP d/b/a** | : | |
| **CIGNA-EVERNORTH** | : | |
| **SERVICES, INC.,** | : | |
| **1601 Chestnut Street** | : | |
| **Philadelphia, PA 19192** | : | |
| | : | |
| **900 Cottage Grove Road** | : | |
| **Bloomfield, CT 06002** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Kereta Rajkumar (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against The Cigna Group d/b/a Cigna-Evernorth Services, Inc.

(hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as

amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the

Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance

("PFPO").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant The Cigna Group d/b/a Cigna-Evernorth Services, Inc. is a global health company with a location at 1601 Chestnut Street, Philadelphia, PA 19192 and with corporate headquarters located at 900 Cottage Grove Road, Bloomfield, CT 06002.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on December 8, 2023, alleging disability, race, national origin, religion and sex discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2024-00470 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated June 26, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two years of the issuance of the Right to Sue, but more than one year following the filing of the Charge, in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female, her race is Asian, her national origin is Indian American and she is Hindu.

21. On January 31, 2022, Defendant hired Plaintiff in the position of Claims Representative.

22. Plaintiff was well qualified for her position and performed well.

23. In or around September 2022, Plaintiff was diagnosed with a high-risk pregnancy.

24. A high-risk pregnancy is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

25. The major life activities affected by high-risk pregnancy include, but are not limited to, reproductive function.

26. On or about September 27, 2022, Plaintiff was placed on a leave of absence due to her high-risk pregnancy.

27. On November 3, 2022, Plaintiff gave birth to her child.

28. On January 11, 2023, Plaintiff returned to work at Defendant without restrictions.

29. On or about May 2, 2023, Plaintiff requested a reasonable accommodation in the form of a medical leave of absence through New York Life Insurance, Defendant's third-party benefits provider.

30. On or about May 3, 2023, New York Life approved Plaintiff's request for a medical leave of absence through on or about June 15, 2023.

31.  On or about June 15, 2023, Plaintiff requested the reasonable accommodations of more breaks and/or time to stand and walk around throughout her shifts, so that Plaintiff did not have to sit for eight (8) hours straight due to segmental somatic dysfunction.

32. Plaintiff's segmental somatic dysfunction is considered to be a disability under the ADA, PHRA and PFPO as it affects her major life activities, including, but not limited to, sitting, bending and lifting.

33. However, New York Life requested additional documentation from Plaintiff's medical provider, Dr. Zak Gondolfo, in order to determine if Plaintiff's accommodation request would be approved.

34. Dr. Gondolfo provided the requested document to New York Life in a timely manner.

35. However, New York Life neither approved nor denied Plaintiff's request for the aforementioned reasonable accommodations.

36. Plaintiff was forced to utilize her vacation time and paid-time off ("PTO") to remain out of work while she waiting for her accommodation request to be approved through July 27, 2023.

37. On or about July 23, 2023, Noah Morin (Caucasian male, non-Hindu, non-Indian, non-disabled), Financial Analysis Advisor, emailed Plaintiff that she was required to return to work on July 27, 2023.

38. Importantly, upon information and belief, Plaintiff was the only Asian/Indian and Hindu female who was supervised by Morin.

39. On July 27, 2023, Plaintiff returned to work despite her request for reasonable accommodations was still pending, out of fear of retaliation.

40. On or about July 30, 2023, Plaintiff contacted New York Life again and reapplied for a medical leave of absence through STD.

41. Plaintiff's request for a medical leave of absence remained pending with New York Life.

42. On or about August 12, 2023, Plaintiff was involved in an automobile accident, a five (5) care pile up, in which she suffered physical injuries.

43. Plaintiff's medical provider placed her on a medical leave of absence due to her injuries until August 23, 2023.

44. Plaintiff contacted Defendant and informed it of the automobile accident and the injuries she sustained.

45. On or about August 14, 2023, Plaintiff submitted her medical documentation regarding her leave of absence and request for STD to New York Life.

46. On or about August 18, 2023, Plaintiff spoke with Richard (Last Name Unknown ("LNU")) (hereinafter "Richard"), Claims Manager.

47. Plaintiff notified Richard that she already had a pending request for a medical leave of absence through STD.

48. Richard instructed Plaintiff to submit her car insurance documents regarding her automobile accident on or about August 12, 2023.

49. Plaintiff followed Richard's instructions.

50. On September 6, 2023, Plaintiff uploaded her note from her medical provider who indicated she needed her medical leave extended from August 23, 2023 through October 13, 2023.

51. On or around early October 2023, Plaintiff uploaded her medical provider's note which indicated she needed her medical leave extended from October 13, 2023 through December 17, 2023.

52. Plaintiff contacted New York Life regarding the status of her STD approval for her medical leave of absence and was instructed to contact Richard.

53. Plaintiff followed New York Life's instructions and left a voicemail for Richard.

54. However, Richard did not return her call.

55. Plaintiff's request for STD was neither approved nor denied and remained pending.

56. On October 19, 2023, Defendant terminated Plaintiff via email, but did not provide a reason for her termination.

57. Defendant discriminated against Plaintiff due to her disability, race, national origin and sex in violation of the ADA, Title VII, the PHRA and the PFPO.  In addition, Defendant denied Plaintiff reasonable accommodation requests and retaliated against Plaintiff for requesting reasonable accommodation in violation of the ADA, the PHRA and the PFPO.

58. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**<u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>**

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

61. Plaintiff was qualified to perform the job.

62. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

63. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

64. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

65. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

66. The purported reason for Defendant's decision is pretextual.

67. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

68. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

69. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

70. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

73. Plaintiff was qualified to perform the job.

74. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

75. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

76. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

77. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

78. The purported reason for Defendant's decision is pretextual.

79. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

80. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

81. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

84. Plaintiff was qualified to perform the job.

85. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

86. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

87. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

88. Plaintiff's disabilities motivated Defendant's decision to discharge Plaintiff.

89. The purported reason for Defendant's decision is pretextual.

90. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

91. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

92. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RACE DISCRIMINATION**
**TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED**

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. Plaintiff is a member of protected classes in that she is Asian.

95. Plaintiff was qualified to perform the job.

96. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

97. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

98. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

99. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

100. Defendant terminated Plaintiff.

101. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – RACE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

102. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11

103. Plaintiff is a member of protected classes in that she is Asian.

104. Plaintiff was qualified to perform the job.

105. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

106. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

107. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

108. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

109. Defendant terminated Plaintiff.

110. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RACE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

111. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

112. Plaintiff is a member of protected classes in that she is Asian.

113. Plaintiff was qualified to perform the job.

114. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

115. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

116. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

117. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

118. Defendant terminated Plaintiff.

119. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

120. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

121. Plaintiff is a member of protected classes in that she is of Indian descent.

122. Plaintiff was qualified to perform the job.

123. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

124. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

125. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

126. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

127. Defendant terminated Plaintiff.

128. As a result of Defendant's unlawful national origin discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## COUNT VIII – NATIONAL ORIGIN DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

129. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

130. Plaintiff is a member of protected classes in that she is of Indian descent.

131. Plaintiff was qualified to perform the job.

132. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

133. Circumstances exist related to the above cited employment actions that give rise to an

inference of discrimination.

134. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

135. The reasons cited by Defendant for the adverse employment actions that Plaintiff

suffered are pretext for discrimination.

136. Defendant terminated Plaintiff.

137. As a result of Defendant's unlawful national origin discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra.*

## COUNT IX – NATIONAL ORIGIN DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

138. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

139. Plaintiff is a member of protected classes in that she is of Indian descent.

140. Plaintiff was qualified to perform the job.

141. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

142. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

143. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

144. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

145. Defendant terminated Plaintiff.

146. As a result of Defendant's unlawful national origin discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT X – SEX DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

147. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

148. Plaintiff is a member of protected classes in that she is female.

149. Plaintiff was qualified to perform the job.

150. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

151. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

152. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

153. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

154. Defendant terminated Plaintiff.

155. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XI – SEX DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

156. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

157. Plaintiff is a member of protected classes in that she is female.

158. Plaintiff was qualified to perform the job.

159. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

160. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

161. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

162. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

163. Defendant terminated Plaintiff.

164. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XII – SEX DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

165. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

166. Plaintiff is a member of protected classes in that she is female.

167. Plaintiff was qualified to perform the job.

168. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

169. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

170. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

171. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

172. Defendant terminated Plaintiff.

173. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XIII – RETALIATION
## <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

174. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

175. Plaintiff engaged in activity protected by the ADA.

176. Plaintiff requested reasonable accommodations due to her disabilities to Defendant.

177. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

178. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XIV – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

179. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

180. Plaintiff engaged in activity protected by the PHRA.

181. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

182. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XV – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

183. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

184. Plaintiff engaged in activity protected by the PFPO.

185. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

186. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kereta Rajkumar, requests that the Court grant her the following relief against Defendant:

(a)    Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b)    Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c)    Punitive damages;

(d)    Reasonable attorneys' fees;

(e)    Recoverable costs;

(f)    Pre and post judgment interest;

(g)    An allowance to compensate for negative tax consequences;

(h)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the PHRA and the PFPO.

(i)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## <u>JURY TRIAL DEMAND</u>

Demand is hereby made for a trial by jury as to all issues.

## <u>CERTIFICATION</u>

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: September 24, 2025          By:  ***/s/David M. Koller***
                                  David M. Koller, Esquire
                                  Jordan D. Santo, Esquire
                                  2043 Locust Street, Suite 1B
                                  Philadelphia, PA 19103
                                  215-545-8917
                                  davidk@kollerlawfirm.com
                                  jordans@kollerlawfirm.com

                                  *Counsel for Plaintiff*