IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERETA RAJKUMAR,<br><br>   *Plaintiff,*<br><br> v.<br><br>THE CIGNA GROUP d/b/a CIGNA-EVERNORTH SERVICES, INC.,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 25-5509 |

**Pappert, J.**                                    February 2, 2026

<u>**MEMORANDUM**</u>

  Kereta Rajkumar sued Cigna-Evernorth Services, Inc. under Title VII of the Civil Rights Act, the Americans with Disabilities Act and the Philadelphia Fair Practices Ordinance, alleging, *inter alia*, that Cigna unlawfully fired her. Cigna moves to dismiss Rajkumar's Amended Complaint for improper venue, or, in the alternative, failure to state a claim. The Court will not dismiss the case but will transfer it to the District of Delaware.

I

  Cigna hired Rajkumar, an Asian, Indian American, Hindu woman, as a claims representative in January of 2022. (Am. Compl. ¶¶ 22 & 24, Dkt. No. 10.) She worked as a remote employee from her home in Dover, Delaware. (Aff. of Hickman ¶¶ 4 & 5, Dkt. No. 12-2.) Rajkumar alleges she took a leave of absence beginning in September of 2022 because of a high-risk pregnancy. After giving birth to her child in November, she returned to work in January of the following year. (Am. Compl. ¶¶ 29–31.) In May of 2023, Rajkumar requested a medical leave of absence due to a condition called

1

"segmental somatic dysfunction," which she does not define. Cigna's third-party benefits provider granted her request. (*Id.* ¶¶ 32 & 33.) When Rajkumar's leave of absence ended on June 15, 2023, she requested work accommodations: "more breaks and/or time to stand and walk around throughout her shifts." (*Id.* ¶¶ 32–34.) She used "vacation time and paid-time off" while she awaited approval of her accommodations request, and did not return to work until July 27, 2023. (*Id.* ¶¶ 36–39.) Rajkumar contends she reapplied for a leave of absence three days later, but in August, before a determination was made, she was injured in a car accident. She alleges her medical provider placed her on a medical leave of absence until August 23, 2023 as a result of her undescribed injuries. (*Id.* ¶¶ 43, 45, 46.) She told Cigna of the accident and communicated with its third-party benefit provider about, among other things, her pending request for a medical leave of absence. (*Id.* ¶¶ 47–58.) Cigna terminated Rajkumar's employment via email on October 19, 2023. (*Id.* ¶ 59.)

On December 8, 2023, Rajkumar filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. (*Id.* ¶¶ 16 & 17.) The EEOC issued a notice of the right to sue on June 26, 2025. (*Id.* ¶ 18.) Rajkumar timely initiated this lawsuit. (Compl., Dkt. No. 1.) After Cigna moved to dismiss for improper venue and failure to state a claim, (Dkt. No. 6), Rajkumar filed her Amended Complaint, (Dkt. No. 10). She asserts claims under Title VII of the Civil Rights Act of 1964 for race, national origin and sex discrimination, the Americans with Disabilities Act for disability discrimination, failure to accommodate and retaliation, and the Philadelphia Fair Practices Ordinance for disability, race, national origin, sex discrimination and retaliation. *See* (Am. Compl.)

II

If a district court determines venue is improper it must either dismiss the case or transfer it to a district where it could have been properly brought. 28 U.S.C. § 1406(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Cigna bears the burden of showing improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982); *see also Great W. Min. & Min. Co. v. ADR Options, Inc.*, 434 F. App'x 83 (3d Cir. 2011). Rajkumar's allegations are taken as true unless Cigna contradicts them, which it may do by supporting its motion with an affidavit. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

Where venue is improper, transfer is intended to preserve a plaintiff's claims and avoid the penalty of "time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Courts should not split claims if "partial transfer would require the same issues to be litigated in two places." *Sunbelt Corp. v. Noble Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993); *see also* 14D *Wright & Miller's Federal Practice & Procedure* § 3825 (4th ed. 2025).

> Venue is proper for a Title VII or ADA action only if it is brought
>
> [(1)] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,
>
> [(2)] in the judicial district in which the employment records relevant to such practice are maintained and administered, or
>
> [(3)] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3) (cleaned up); 42 U.S.C. § 12117(a) (incorporating the Title VII venue provision into the ADA). If venue is not proper in any such district, "[a Title VII

3

or ADA] action may be brought within the judicial district in which the respondent has his principal office." *Id.*

### III

Rajkumar does not allege that "the unlawful employment practice" was committed in Pennsylvania, or that she "would have worked" in the Eastern District of Pennsylvania "but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Indeed, she does not allege anything happened in Pennsylvania. With respect to Title VII's venue provision, she claims only that venue here is proper because Cigna's "relevant employment records are maintained and administered" in Philadelphia. (Am. Compl. ¶ 13.) Rajkumar bases her allegation on her paystub, which includes a Philadelphia address. (Resp. in Opp'n Ex. 1, Dkt. No. 14-2.) Therefore, she argues, Cigna's relevant employment records are "likely maintained in this judicial district." (Pl.'s Resp. in Opp'n at 7–8, Dkt. No. 14-1.)

The address on Rajkumar's paystub does not establish that Cigna maintains its employment records in Philadelphia. *See Shah v. Centurum, Inc.*, 2011 WL 1527334, at *4 (D.N.J. Apr. 20, 2011) (finding addresses on a memo, a phone number, and an address on a benefits form did not establish the location where employment records were stored and maintained). And Cigna submits an affidavit contradicting Rajkumar's allegation. (Aff. of Hickman ¶ 9) ("Cigna does not maintain or administer employment records from any physical location within the Commonwealth of Pennsylvania."). Cigna instead maintains its human resource records "in a virtual, cloud-based environment" managed by a third-party vendor in Oregon. (*Id.*) The affidavit negates Rajkumar's claim. *See Podell v. Austin*, No. 22-3505, 2023 WL 4916372, at *4 (E.D. Pa. July 31,

4

2023) ("Since this affidavit contradicts Plaintiff's allegations, this Court must accept Defendant's statements regarding its recordkeeping locations.").

Rajkumar also argues venue is proper in the Eastern District of Pennsylvania under the general venue statute, 28 U.S.C. § 1391(b). She claims Cigna's principal place of business is 1601 Chestnut Street, Philadelphia, Pennsylvania, and that Cigna "is therefore deemed to reside in this judicial district." (Am. Compl. ¶¶ 3 & 12.) Cigna again rebuts this allegation with an affidavit stating that the company's registered corporate headquarters are in St. Louis, Missouri, which is in the Eastern District of Missouri. (Aff. of Hickman ¶ 10.) And in any event, the general venue statute for civil actions does not apply to Title VII claims. *See Prosseda v. Windham Grp.*, 772 F. Supp. 3d 517, 521 (D.N.J. 2025) (explaining the Title VII and ADA venue provisions are "mandatory and well settled, thereby rendering other general venue statues inapplicable"); *see also Weaver v. Walgreen Co.*, No. 2:19-06139, 2021 WL 698206 (E.D. Pa. Feb. 23, 2021) (same); *and see* 14D *Wright & Miller's Federal Practice & Procedure* § 3825 (4th ed. 2025) ("The clear majority view is that the venue provisions of Title VII are exclusive, so the general venue provisions of Section 1391(b) do not apply."). Cigna has satisfied its burden to show that venue is improper in the Eastern District of Pennsylvania.

IV

District courts may transfer cases to an appropriate district "in the interest of justice." 28 U.S.C. § 1406(a). "Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs." *Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D.

Pa. Sept. 10, 2007). This is especially true where, as here, dismissal may create statute of limitations issues. *See Borel v. Pavichevich*, No. 01-1395, 2001 WL 1549538, at *3 (E.D. Pa. Dec. 4, 2001); *see also* 14D *Wright & Miller's Federal Practice & Procedure* § 3827 (4th ed. 2025). Under Title VII, a claimant "must file any private action within 90 days of receiving a right-to-sue letter" from the EEOC. *Heath v. City of Philadelphia*, No. 21-2309, 2022 WL 4298123, at *1 (3d Cir. Sept. 19, 2022); 42 U.S.C. § 2000e-5(f)(1). The EEOC informed Rajkumar of her right to sue on June 26, 2025, more than ninety days ago. (Am. Compl. ¶ 18.) Dismissal could prevent Rajkumar from timely asserting her claims elsewhere and the Court, in the interest of justice, will transfer the case to a proper venue.

      As explained *supra*, venue is proper for Title VII claims "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Rajkumar worked for Cigna remotely from her home in Dover, Delaware—she states no other location from which she performed work. (Am. Compl. ¶ 2; Aff. of Hickman ¶¶ 4 & 5.) But for the alleged unlawful termination, she would have continued to work in Delaware. Venue is thus proper in the District of Delaware. *See Bowie v. U.S. Food Serv.*, No. 08-5833, 2009 WL 637382, at *3 (E.D. Pa. Mar. 11, 2009) ("[V]enue is presumably proper in the jurisdiction where an employee actually performs his or her duties."); *see also Soul v. Movado Retail Group, Inc.*, No. 1:06-2115, 2007 WL 1119296, at *3 n.2 (M.D. Pa. Apr. 10, 2007) ("[The Title VII venue statute] refers to the aggrieved individual's principal place of work.").[1]

---

[1] While Cigna moves only to dismiss, and does not request transfer, it implicitly acknowledges Delaware is a proper venue. (Mot. to Dismiss at 13) ("Plaintiff also makes no allegations regarding

The Court denies Cigna's motion to dismiss and transfers the case to the District of Delaware without prejudice to its right to reassert its arguments in the transferee court.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

where she worked or would have worked for Cigna had her employment not been terminated. Plaintiff worked as a remote employee from her home in Dover, Delaware."). Rajkumar argues only that the case should remain in this district, despite her awareness of the potential for transfer. (Resp. in Opp'n at 8.) Both parties have had ample opportunity to brief the issue of transfer. Indeed, Cigna raised the issue of improper venue in its first motion to dismiss, after which Rajkumar filed her Amended Complaint. *See* (First Mot. to Dismiss at 11–12, Dkt. No. 6-1.) Despite the parties' failure to argue the propriety of an alternate venue, the Court may exercise its discretion to transfer this case *sua sponte*, and "need not investigate on its own all other courts that might or could have heard the case." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).